# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **LAMAR INTERNATIONAL, INC.,** | ) |
| **and FREDERICK L. BURNETT,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **CIVIL ACTION  03-1460-VEH** |
| **vs.** | ) |
| | ) |
| **RACOE, INC. d/b/a RACOE** | ) |
| **MANUFACTURING, RAY COE,** | ) |
| **JOEL COE, and GERALDINE COE** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM OF OPINION</u>

This case is before the court on the following motions: (1) defendants' (hereinafter collectively, "Racoe") motion to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer venue (doc. 6); (2) Racoe's motion to strike a portion of plaintiffs' (hereinafter collectively, "Lamar") evidentiary submissions (doc.120; and (3) Racoe's motion to dismiss (RICO) (doc. 22).   For the reasons stated hereinafter, Racoe's motion to dismiss (RICO) and motion to dismiss (jurisdiction0 are due to be granted and Racoe's motion to strike is due to be denied.

The court has converted Racoe's motion to dismiss (jurisdiction) to a summary judgment motion.  *See*, Order dated August 4, 2003 (doc. 8).  On March 8, 2004 the court ordered all parties to file a brief on the limited issue of whether Lamar has

asserted a "colorable" RICO claims (Order, doc. 20).  Racoe's motion to dismiss (RICO) was submitted in response to the court's March 8, 2004 Order.  Therefore, the court considers it to be a part of, and subject to the standards of, a motion for summary judgment.

On January 25, 2005, Racoe filed a Suggestion of Death as to Ray D. Coe (doc. 27),  By Order dated May 20, 2005 (doc. 28), this court ordered the Pro Tanto Dismissal of All Claims against Ray D. Coe.

<u>STANDARD OF REVIEW</u>

The court adopts the standard of review set out in the court's Memorandum Opinion entered March 8, 2004 (doc. 19).

<u>FACTS</u>

The court adopts the statement of facts set out in the court's Memorandum Opinion entered March 8, 2004 (doc. 19).

<u>ISSUE</u>

The court adopts the analysis and findings set out in the court's Memorandum Opinion entered March 8, 2004 (doc. 19).  Therefore, the only issue before the court at this time is whether Lamar has asserted a "colorable" RICO claim.

As set out in this court's Memorandum Opinion,

When a jurisdictional motion to dismiss depends, as in this case, on the

assertion of a right created by a federal statute, the court should dismiss for lack of jurisdiction only if "the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise devoid of merit as not to involve a federal controversy.' "

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 941 (C.A.11,1997). The only federal claims in this case arise under RICO. Thus, the court must find that Lamar's RICO claims are "clearly immaterial or insubstantial" in order to dismiss this action for lack of subject matter jurisdiction. *See*, *Garcia v. Copenhaver, Bell & Assocs.,* 104 F.3d 1256 (11th Cir.1997), cited with approval in *Republic of Panama*, *op cit.*, 119 F.3d 935, 941.

Lamar's RICO claims are found in Count X of the Complaint. Specifically, the Complaint alleges that "The Defendants Ray Coe, Joel Coe & Geraldine Coe, were associated as officers and owners of Racoe, and in fact with each other, and with Racoe, Inc., ...a corporation.... This association in fact constitutes an "enterprise' within the meaning of 18 U.S.C. § 1961(4) (Complaint, ¶59). It further alleges that "The purpose of the aforementioned enterprise was to engage in the manufacture of finished garments to be used in interstate commerce by its buyers [sic], and to extort additional sums from its customers by the illicit methods listed, infra. (Complaint, ¶ 60). Finally, the Complaint alleges that "this ill gotten income was used to operate and enhance the profits of the allegedly legal operation.... On information and belief,

both [sic] Ray Coe, Joel Coe & Geraldine Coes shared in the additional ill gotten gains." (Complaint, ¶ 630.

In the Complaint, Lamar fails to allege the specific subsections under § 1962 of RICO on which the claims are based.  However, in its Answers to the Defendants' First Interrogatories, Lamar contends that Racoe has "violated all four provisions of 18 U.S.C. § 1962(a), (b), (c), and (d).  (Pls' Answers to the Defs.' First Interrog. ¶ 1 (attached as Exhibit A to Defendants' Brief - RICO) (doc.21)).

Sections 1962(a) through(d) of the RICO Act provide, in relevant part, civil liability for persons engaged in a "pattern of racketeering activity."  18 U.S.C. § 1962(a)-(d).  Although these subsections vary in some of their requirements, they each share four common elements" "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *see Durham v. Business Mgmt Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988).  Thus, regardless of the subsection under § 1962 on which Lamar bases its claims, Lamar must allege the existence of an "enterprise."

The alleged "enterprise" consists of the corporate defendant, Racoe Inc.,and the remaining individual defendants, Joel Coe and Geraldine Coe.  It is undisputed that Joel Coe is the Vice President of Racoe, Inc., and that all actions that he took were incidental to his employment by Racoe, Inc.  It is undisputed that Geraldine Coe

4

is a stockholder of Racoe, Inc. and that any allegations against her[1] are based on her status as a stockholder.

The Eleventh Circuit has held that, "for purposes of 18 U.S.C. § 1962(c), the indictment must name a RICO person distinct from the RICO enterprise. The plain language of the statute requires that the entities be distinct." *U.S. v. Goldin Industries, Inc.* 219 F.3d 1268, 1271 (C.A.11, 2000). As the statutory definition of "enterprise" is the same whether the case is criminal or civil in nature, this holding applies to civil RICO actions. *See*, 18 U.S.C. § 1961(4) (2001) (an enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.") The existence of an enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Lockheed Martin Corp. v. Boeing Co.*, 314 F.Supp.2d 1198, 1209 (M.D.Fla., 2004). An enterprise cannot consist merely of a corporate defendant and its employees, officers, or agents. That is because a corporate defendant is not a separate and distinct entity from its employees, officers, or agents.

[T]he allegations "must name a RICO person distinct from the RICO enterprise." *United States v. Goldin Indus.*, 219 F.3d 1268, 1271 (2000)

---

[1] The court could not find any allegations of malfeasance by act or omission of Geraldine Coe other than her status as a stockholder of Racoe, Inc.

("*Goldin I* ").  This is because "the plain language of § 1962(c) envisions two separate entities, which comports with legislative intent and policy." *Id*. at 1270. This distinctness rule "reflects Congress' intention in § 1962(c) to target a specific variety of criminal activity, 'the exploitation and appropriation of legitimate businesses by corrupt individuals.' " *Id*. (quoting *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union, 639*, 883 F.2d 132, 139 (D.C.Cir.1989), *rev'd in part on other grounds,* 913 F.2d 948 (D.C.Cir.1990) (en banc)).

When the Eleventh Circuit Court of Appeals recently adopted the distinctness rule in *Goldin I,* it joined all of the other circuits and overruled the contrary prior decision of a three-judge panel in *United States v. Hartley,* 678 F.2d 961 (11th Cir.1998). Courts have applied this rule in several ways to preclude suits against corporations. For example, the rule has prevented a plaintiff from naming a corporation as both the person and the enterprise, *Haroco v. American National Bank & Trust Co. of Chicago,* 747 F.2d 384, 402 (7th Cir.1984); from naming a corporation as the person and naming a division of that corporation as the enterprise, *United States v. Computer Sciences Corp.,* 689 F.2d 1181, 1190 (4th Cir.1982), *overruled on other grounds by Busby v. Crown Supply, Inc.,* 896 F.2d 833, 840 (4th Cir.1990); from naming a corporation as the person and naming a grouping of that corporation's subsidiaries as the enterprise, *Discon v. NYNEX Corp.,* 93 F.3d 1055, 1063 (2d Cir.1996) (*contra Haroco,* 747 F.2d at 402); and from naming a corporation as the person and naming a grouping of that corporation's own employees and agents as the enterprise, *Riverwoods Chappaqua Corp. v. Marine Midland Bank,* 30 F.3d 339, 344 (2d Cir.1994).

*Lockheed Martin Corp. v. Boeing Co.*, 314 F.Supp.2d 1198, 1210 -1211 (Emphasis

supplied).

As Lamar has failed to allege any facts that would allow the court to find the

existence of an "enterprise," there is no "colorable" RICO claim.  Thus, this court

does not have subject matter jurisdiction over this action.  This court previously

found (Memorandum Opinion entered March 8, 2004, doc. 19) that, unless the court found the existence of a colorable RICO claim, the court lacked *in personam* jurisdiction over the defendants.

By separate Order, this court will grant defendants' Motion to Dismiss, without prejudice, on the basis that the court lacks subject matter jurisdiction.

DONE this 20th day of September, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge